COMMISSIONERS OF WYANDOTTE COUNTY *et al.* v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY.

### No. 159.

UNCONSTITUTIONAL ACT — *a nullity.* An unconstitutional act is not law; it confers no rights, imposes no duties, affords no protection, creates no office; it is in legal contemplation as inoperative as though it had never been passed.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed December 29, 1896. *Affirmed.*

The defendant in error brought this action to enjoin the collection of taxes levied upon its property under the act providing for the improvement of county roads, (ch. 214, Laws 1887,) which, in *Comm'rs of Wyandotte Co. v. Abbott,* (52 Kan. 148,) the Supreme Court declared unconstitutional. The answer set up, by way of estoppel, the plaintiff's knowledge of the proceedings and of the improvements made, and its acquiescence; but the plaintiff by its reply put these averments in issue, and the case was heard upon an agreed statement of facts which omitted all mention of these matters of estoppel. It was admitted that the plaintiff had paid all its taxes but those in controversy in this action. The court below granted the

44   WYANDOTTE CO. v. K. C. F. S. & M. RLD. CO.

N. Dept.          Opinion.   Gilkeson, P. J.        5 Kan. App.

injunction prayed for, and the county officers enjoined brought this proceeding in error to reverse that judgment.

*Samuel C. Miller,* county attorney, and *I. F. Bradley,* for plaintiff in error.

*Chas. W. Blair,* and *Wallace Pratt,* for defendant in error.

GILKESON, P. J. The plaintiff in error contends that an estoppel was shown. We cannot agree with him in this contention. Even if the allegations of the answer constituted an estoppel, treating the agreed statement of facts as the evidence, as we must, we are compelled to hold that the defense failed through want of proof.

But upon other grounds must not this judgment be affirmed? The law under which these taxes were attempted to be levied and collected has been, by the Supreme Court of this State, declared unconstitutional. *Comm'rs of Wyandotte Co. v. Abbott,* 52 Kan. 148.

It therefore can have no operation. "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby Co.,* 118 U. S. 441.

The judgment will be affirmed.