[Sac. No. 1240. In Bank.—July 27, 1904.]

JAMES McCAULEY, Justice of the Peace, etc., Respondent, v. C. L. CULBERT, Auditor, etc., Appellant.

COUNTY GOVERNMENT ACT—CLASSIFICATION OF TOWNSHIPS—SALARIES OF OFFICERS—CONSTITUTIONAL LAW.—Subdivision 13 of section 192 of the County Government Act of 1903 (Stats. 1903, p. 201) is not unconstitutional on the ground that it classifies townships by population for the purpose of fixing the salaries of township officers.

ID.—CHANGE OF COMPENSATION—FINDING OF FACT CONCLUSIVE.—The change by the legislature of the mode of compensation of township officers from that of fees to salaries during their term of office is not invalid, where it does not appear that there was any increase of compensation; and, in the absence of any showing in the record to the contrary, a finding of fact that there was no increase of compensation is conclusive.

APPEAL from a judgment of the Superior Court of Amador County. R. C. Rust, Judge.

The facts are stated in the opinion of the court.

C. P. Vicini, District Attorney, for Appellant.

William J. McGee, for Respondent.

HENSHAW, J.—Petitioner, as justice of the peace in and for township No. 2 of Amador County, brought his action in mandate against the defendant auditor to compel him to draw his warrant in favor of the petitioner upon the county treasurer of Amador for the sum of thirty-five dollars, in payment of his salary as justice of the peace, for the month ending May 1, 1903, pursuant to the provisions of the County Government Bill (Stats. 1903, p. 201.) Subdivision 13

of section 192 of this act classifies townships by population and fixes the monthly salary for justices of the peace and constables in the respective townships so classified. Judgment passed for petitioner, and the auditor appeals. Two propositions are advanced upon the appeal. First, that this amendment is repugnant to the constitution, which prohibits the classification of townships by population for the purpose of fixing the compensation of township officers. This proposition has been disposed of in the case of *Tucker* v. *Barnum, ante,* p. 266. The second contention of appellant is that the law is, at least, inapplicable to the case of petitioner, for that it increases his compensation after his election and during his term of office, and thus violates section 9 of article XI of the constitution. There is nothing upon the face of the record here presented to show that such is the fact, and the finding of the court is. to the effect that the salary provided for is not an increase of the salary of the petitioner after his election and during his term of office, but is merely a different mode adopted by the legislature of compensating such officer. ''And the court further finds that the evidence introduced has not proven that said act of the legislature increases the salary of petitioner after his election and during his term of office.''. Within the limits of the constitutional restriction above cited the legislature has the power to change the mode of compensation. In *Vail* v. *San Diego County,* 126 Cal. 35, it was held that in the case of the county surveyor a legislative change in his compensation from fees to a salary after his election and during his term of office was legal. In the case at bar the legislature has made a like change in the form of compensation, and the finding of the court in this case is conclusive that it is not an increase of compensation, and therefore not violative of the constitution.

For the foregoing reasons the·judgment appealed from is affirmed.

McFarland, J., Lorigan, J., Angellotti, J., Shaw, J., and Van Dyke, J., concurred.