[S. F. No. 5008. In Bank.—June 25, 1909.]

## A. J. SMITH, Respondent, v. C. W. MATHEWS, Appellant.

COUNTY OFFICERS—STATUTE INCREASING COMPENSATION—OPERATION WITH RESPECT TO INCUMBENTS IN OFFICE—EFFECT OF PRE-EXISTING LAW.—A law increasing the compensation of a county officer, although an existing statute, is not in force with respect to incumbents in office at the time of its enactment, because, under section 9 of article XI of the constitution, there is no subject upon which it can constitutionally operate. It remains in abeyance as to such officer, and must so remain, until the beginning of the next ensuing regular term of the office affected by the increase. As to such incumbents, the previously existing law remains in full effect.

ID.—CODIFYING ACT OF MARCH 18, 1907—COUNTY AND TOWNSHIP GOVERNMENT.—This construction must be given to the act of March 18, 1907, systematizing and codifying the various provisions relating to county and township government, theretofore contained in the Political Code and the County Government Act, by making them a part of the Political Code, with respect to incumbents in office at the time of its enactment, in so far as it purports to increase the compensation attached to such office. This result follows, although by the terms of the act it was made to take effect immediately.

ID.—REPEAL OF STATUTES BY IMPLICATION.—Repeals of statutes by implication are not favored, and in the absence of an express repeal an existing statute is not abrogated by the enactment of a new one, unless the provisions of the latter act are so inconsistent with the former that the two cannot have a concurrent operation, or unless the latter act so fully covers the whole subject-matter of the prior as to afford conclusive evidence that it was intended to supersede it entirely.

ID.—CONCURRENT OPERATION OF COUNTY GOVERNMENT AND CODIFYING ACTS.—There is no such inconsistency between the codifying act of March 18, 1907, and the County Government Act of 1897, that they cannot have a concurrent operation as to the compensation of county officers in every instance in which they differ, and the fact that in numerous instances of increase of salary they must have a concurrent operation proves that the codifying act was not intended to supersede in all particulars the pre-existing law.

ID.—CONSTRUCTION OF CODIFYING ACT—PROVISIONS CHANGING METHOD OF COMPENSATION OF OFFICERS.—Inasmuch as the codifying act of March 18, 1907, does not repeal the County Government Act, and merely amends it by increasing the salaries of certain officers and by changing the compensation of other officers from fees to salary or from salary to fees in such a manner as to leave the courts no

means of determining whether these amendments will operate an increase or reduction of compensation, it should be construed so as to treat all its provisions alike; and, knowing that such of its provisions as increase salaries could have been intended to apply only to officers elected subsequent to the amendment, to conclude, in the absence of specific declaration to the contrary, that other amendments which may or may not have the effect of increasing compensation were likewise intended to operate only in favor of or against officers to be thereafter elected.

APPEAL from a judgment of the Superior Court of Mendocino County.   J. Q. White, Judge.

The facts are stated in the opinion of the court.

Robert Duncan, for Appellant.

J. W. Preston, for Respondent.

Clarence F. Lea, Lawrence Schillig, M. J. Cheatham, Jas. T. Matlock, Jr., C. L. Shinn, R. S. Taylor, and Wycoff & Gardner, *Amici Curiæ,* for Respondent.

BEATTY, C. J.—This is a proceeding in *mandamus* and presents only a question of statutory construction.   In the year 1907 the petitioner was constable of Little Lake township in Mendocino County, his term of office having commenced in January of that year, and at a time when the compensation for his official services was regulated by section 1 of an act approved March 21, 1905, relating to the compensation of county officers in counties of the fourteenth class (Stats. 1905, p. 671).   By that act he was allowed certain fees—but no salary.

On the eighteenth day of March, 1907, the governor approved an act entitled "An act to repeal title II of part IV of the Political Code, and to add a new title II of part IV of said code in place thereof, relating to the establishment of a uniform system of county and township governments." (Stats. 1907, p. 354.)   This act consisted of three sections, as follows:—

"Section 1.   Title II of part IV of the Political Code is hereby repealed and a new title II of part IV of said code is hereby added to read as follows:"   What follows covers more than two hundred pages of the volume of statutes, and con-

CLV Cal.—48

sists of a re-enactment of the old title of the Political Code, with additions and amendments in sections numbered consecutively from section 4000 to section 4325, in which are incorporated all of the provisions of the County Government Act of 1897, with its various amendments, as revised and amended by the new act. From this brief description it will be seen that the object of the legislature was to systematize and codify the various provisions relating to county and township government, theretofore contained in the Political Code and the County Government Act, by making them a part of the Political Code under the title:

*"The Government of Counties."*

The second and third sections of the act read as follows:—

"Sec. 2. The provisions of this act, so far as they are substantially the same as existing statutes, must be construed as continuations thereof and not as new enactments; and nothing in this act contained shall be deemed to shorten or extend the term of office or employment of any person holding office or employment under the provisions of such statutes.

"Sec. 3. This act shall take effect immediately."

By subdivision 15 of section 4243 of the Political Code as so amended, constables of townships having a population of five hundred or more in counties of the fourteenth class are allowed, in addition to certain fees, a fixed salary of fifty dollars per month. In the month of June, 1907, the plaintiff demanded of the defendant, who was auditor of Mendocino County—a county of the fourteenth class—a warrant for fifty dollars, claimed as salary for the previous month. His demand was refused, upon the ground that the amendment to the statute increased the compensation of his office and therefore could not be given effect as to him, during the term to which he had been elected prior to its passage, without a violation of section 9 of article XI of the constitution, which provides that, "The compensation of any county, city, town, or municipal officer, shall not be increased after his election or during his term of office," etc. There could not, of course, be any answer to this objection of the auditor, if his construction of the statute was correct, but the plaintiff, contending that it could not be construed as increasing his compensation, commenced this proceeding to enforce compliance with his demand, and in the superior

court was awarded a peremptory writ commanding the defendant to issue the warrant. In the district court of appeal this judgment was reversed upon the ground that the superior court had erred in sustaining plaintiff's demurrer to the answer of the defendant, in which he justified his refusal to issue the warrant, upon the ground that the effect of subdivision 15 of section 4243 of the codifying act would be to increase the plaintiff's compensation after his election. It seems to have been assumed by both parties to the controversy that, by the terms of the act, and especially the concluding section providing that it should take effect immediately, there was plainly manifested an intention on the part of the legislature that said subdivision should regulate the compensation of the constables then in office in Mendocino County, and the principal question argued by counsel and considered by the court was whether, assuming such to have been the intention of the legislature, it was competent for the court to defeat that intention by holding the act in abeyance as to the defendant, upon proof that its effect would be to increase the compensation provided for his office at the date of his election. The superior court had held that no evidence *aliunde* could be received for the purpose of invalidating an act of the legislature, and upon the conceded construction of the act in question had ordered the peremptory writ. The district court of appeal, holding that such evidence was competent and material, and, in effect, that the amended act would remain in abeyance as to any particular incumbent of the office of constable until the end of his term, whenever it was made to appear that its practical effect would be to increase his compensation, reversed the judgment of the superior court.

Subsequently, upon petition of plaintiff, and of a number of other county and township officers similarly situated with reference to numerous amendments contained in the codifying act affecting other classes of counties, the cause was transferred to this court for hearing and decision, and here again it was submitted upon an argument mainly confined to the question decided by the district court of appeal, and resting largely upon the same tacit assumption that the legislature had plainly declared its intention that all the new provisions of the codifying act relating to official compensation

should apply to those then in office so far, at least, as they did not appear on their face to effect an increase of the compensation allowed by the law previously in force. Upon this assumption we affirmed the judgment of the superior court, holding in accordance with the doctrine of *Stevenson* v. *Colgan,* 91 Cal. 649, [25 Am. St. Rep. 230, 27 Pac. 1089], that the constitutionality of an act of the legislature is always a pure question of law, and that when the right to enact a law depends upon the existence of a fact the passage of the act implies, and the conclusive presumption is, that the governor and the legislature have performed their duty, and ascertained the existence of the fact before enacting or approving the law—a decision which the courts have no right to question or review.

Before this judgment of affirmance became final it was set aside and a second rehearing ordered for the purpose of considering a question presented for the first time in a new petition filed by the appellant in which he contended that upon a proper construction of the codifying act it could not be held that the legislature intended that the amendment contained in section 4243, or any similar changes of the county government law appearing in other sections of the act should apply to the then incumbents of the several offices affected. In support of this position he calls attention to the fact that the codifying act contains no express repeal of the County Government Act of 1897, by which, as subsequently amended from time to time, the compensation of every county and township officer in the state was regulated prior to the approval of the codifying act, and he contends that there is no repeal by implication of any of those provisions. His position, in short, is that until new terms of office begin, both acts are in force and in harmonious operation, the County Government Act of 1897, with its amendments, for the purpose of regulating the compensation of all officers who were elected prior to March 18, 1907, and the codifying act for the purpose of regulating the compensation of their successors. This, as he points out, is necessarily true as to all direct increases of compensation appearing upon a comparison of the express provisions of the two acts, for it has been the settled doctrine of this court ever since the decision in *Dougherty* v. Austin, 94 Cal. 601, [28 Pac. 834, 29 Pac.

1092], that in such cases the incumbent cannot claim the increased compensation, but continues to receive that which was provided by the law in force at the date of his election, which as to him continues in force (unless expressly repealed) to the end of his term, notwithstanding the fact that the amended law is also in force in most cases for more than eighteen months before the end of his term for the purpose of fixing the compensation of his successor in a new term. This results from the fact that the legislature meets in biennial session on the first Monday of January, the same day upon which all two-year terms of county officers begin and end. Any law it passes increasing the compensation of a county office will generally be in effect before July with or without an urgency clause, but must remain in abeyance more than eighteen months, during which time the compensation of the incumbent is governed by the old law. As said by this court in reference to the statute increasing the salaries of the justices, "though an existing statute it is not in force because there is no subject upon which it can constitutionally operate. It remains in abeyance and must so remain until the beginning of the next ensuing term of the office of justice of the supreme court." (*Harrison* v. *Colgan,* 148 Cal. 73, [82 Pac. 676].)

There is nothing, therefore, novel or startling in the proposition now advanced by the appellant. The constitution (art. XI, sec. 9) clearly implies that there must be a law in force, fixing the compensation of every county and township officer at the date of his election, and it imperatively forbids any increase of that compensation by a law subsequently enacted. It permits, however, an increase of compensation to the person to be elected to the ensuing term, and if such increase is provided it must be by a law which for that limited purpose takes effect long before the expiration of the current term—the old law remaining in the mean time in full effect as to the incumbent. In such a case the operation of the amended law is postponed, not because it is unconstitutional, but because the courts construing it in the light of the constitution, hold that such was the intention of the legislature. It is, in other words, construed as all laws must be, when possible, in a sense which harmonizes it with the constitution and gives it harmonious effect.

If this were a case of increase of compensation appearing from a comparison of the codifying act with the law previously in force, there could be no doubt that the rights of the plaintiff would be governed exclusively by the old law, but since it does not appear that the new act gives an increased compensation, and since the legislature has declared that it shall take effect immediately, it is argued that we are bound to presume that the object and effect of the provision in question was to *reduce* plaintiff's compensation, in which case it would, of course, be free from objection on constitutional grounds. In opposition to this view appellant calls attention to the fact that in numerous sections of the new law, salaries of various officers in several classes of counties are plainly and unequivocally raised, and since it cannot be held that the legislature intended those parts of the act to be operative on the incumbents of current terms, there is no reason for holding it to be operative upon those officers whose compensation is altered without disclosing whether the result is an increase or reduction of compensation.

This view is, in my opinion, well sustained by the argument of appellant. Since the clause putting the statute into immediate effect clearly does not mean all that it says, it becomes a question of construction how much its real meaning falls short of its literal import. If it was not intended to put in immediate operation provisions raising salaries, upon what ground are we to hold that it was intended to have immediate operation in those instances where it changes the compensation attached to an office without disclosing whether the change effects an increase or reduction, and where, as far as the court can see, it is as likely to be an increase as a reduction? If in one case the old law continues to operate why not in the other?

These questions it appears to me are answered by the settled rule regarding repeals by implication. Such repeals are not favored. In the absence of an express repeal an existing statute is not held to be abrogated by the enactment of a new one, unless the provisions of the later act are so inconsistent with the former that the two cannot have a concurrent operation, or unless the later act so fully covers the whole subject-matter of the prior as to afford conclusive evidence that it was intended to supersede it entirely. Here there is no

such inconsistency between the codifying act and the County Government Act of 1897 that they cannot have a concurrent operation as to compensation of county officers in every instance in which they differ, and the fact that in numerous instances of increase of salary they must have a concurrent operation proves that the later act was not intended to supersede in all particulars the pre-existing law.

As to the clause putting the codifying act in immediate effect it is really a false quantity so far as concerns the main question here involved. If it had not been inserted, the act would have gone into effect sixty days after its approval, and would have presented the same question as to plaintiff's right to salary for June, 1907, and succeeding months, as is here presented in regard to the salary claimed for the month of May. If by reason of the urgency clause it repealed by implication the County Government Act of 1907, on the eighteenth day of March, 1907, it would have equally repealed it without that clause on the seventeenth day of May, 1907. In truth, the addition of the urgency clause is amply accounted for by the fact that the codifying act revised the whole scheme of county government, including not only the general fee-bill but numerous other matters of grave importance, entirely distinct from official salaries and compensation, by inserting amendments which, if beneficial, it was important to put into immediate effect, and this could be done, as it was done by the urgency clause, without affecting one way or the other the provisions relating to compensation of county and township officers. Considering, then, that the urgency clause in this statute has no necessary reference to any of the provisions altering the compensation of county and township officers; that there are many of those provisions to which it cannot apply; that it has, on the other hand, a full and beneficial operation upon numerous amendments to the Political Code relating to other and wholly independent matters, which may well be deemed to have been regarded as urgent, and for these reasons disregarding it as immaterial in the present discussion, the question which we have to decide is the proper construction of an act which, without repealing the County Government Act, merely amends it by increasing the salaries of certain officers, and by changing the compensation of other officers from fees to salary, or from salary to fees, in such a

manner as to leave the courts no means of determining whether these amendments will operate an increase or reduction of compensation. The true construction of such an act, in my opinion, is to treat all its provisions alike, and, knowing that such of them as increase salaries could have been intended to apply only to officers elected subsequent to the amendment, to conclude, in the absence of express and specific declaration to the contrary, that other amendments which may or may not have the effect of increasing compensation were likewise intended to operate only in favor of or against officers to be thereafter elected. By giving this construction to the present act and making a precedent for the construction of all future acts of the same character, we insure the efficiency of the constitutional inhibition against increase of compensation to official incumbents without injustice to the plaintiff, or to any person now or hereafter found in the same situation. If the codifying act increases his compensation it does so by violating the constitution. If his compensation is thereby reduced he profits by a construction which holds it inoperative as to him.

The judgment of the superior court is reversed.

Melvin, J., Henshaw, J., Sloss, J., and Lorigan, J., concurred.

SHAW, J., concurring.—I concur. The point upon which the case is now decided is that the provisions of the act of 1907, in so far as they operate to increase the compensation of officers for terms running at the time the act took effect, are not to be given a retroactive operation, that is, that those provisions do not apply to the compensation for the then existing terms, and that in those cases where the act makes a change in the mode of measuring the compensation, from fees to salaries, and where, consequently, it cannot be ascertained in advance that there is no increase, it is to be presumed from this uncertainty and the absence of an express statement otherwise, that the legislature intended thereby to provide only for officers to be elected for subsequent terms. This point was fully argued upon the last hearing before this court, but previously it had been only incidentally suggested. Upon further reflection I am satisfied that this is the better rule

to apply and that it is not contrary to the principles of statutory construction.

A retrospective law "is one which operates upon matters which occurred, or rights and obligations which existed before the time of enactment." A fundamental rule for the construction of statutes is "that they will be considered to have a prospective operation only, unless a legislative intention to the contrary is expressed or necessarily to be implied from the language used or the particular circumstances, especially where to construe the act as retrospective in its operation would render it obnoxious to some constitutional provision." (26 Am. & Eng. Ency. of Law, pp. 692, 693.) The act of 1907 is a part of the Political Code. "No part of it is retroactive, unless expressly so declared." (Pol. Code, sec. 3.) The act declares that it shall take effect immediately; but this does not necessarily mean that it shall operate retroactively.

The constitution forbids a legislative increase in the compensation of any county or township officer during his term of office. (Art. XI, sec. 9.) This prohibition, in effect, and with regard to legislation on the subject, makes the entire term of an office, with the concurrent right of the incumbent to compensation, a matter which occurs and a right which exists as soon as the term begins, and which are thereafter, in that aspect, past transactions. Any legislation affecting the compensation of such officer is to be deemed as operating upon an existing right, and the legislature will not be presumed to have attempted to change the compensation during the term, unless it expressly so declares. If such intent does not appear, the law will be construed as intended to apply only to officers elected for subsequent terms. This construction is just both to the officer and to the public. If it intends to reduce the compensation of officers in any class of counties, during the pending terms, as it may constitutionally do, the legislature can say in plain words that the change applies to present incumbents. If it changes from fees to salaries, as it may if it finds that the salary allowed will not increase the compensation, it can declare that there is no increase and that it is to apply immediately to the present incumbents. Perhaps the fact of no increase would be inferred from the declaration that it should apply to present incumbents; but where neither statement appears, it is to be inferred that an increase

was contemplated and that it was intended to apply prospectively only.

This rule is always followed where the new law shows on its face that there is an increase. In such cases, an increase to incumbents being forbidden and beyond the power of the legislature, the logical result of any other rule, where the law takes effect during a term, would be that the new law would be unconstitutional and void and if so it might be doubtful if it could ever take effect. It has been said that an unconstitutional law is "as inoperative as though it had never been passed." (*Norton* v. *Shelby Co.,* 118 U. S. 442, [6 Sup. Ct. 1125]; *Commissioners* v. *Kansas City etc. Co.,* 5 Kan. App. 43, [47 Pac. 326].) But these laws are not held void. Notwithstanding the fact that they have become laws in force, they are construed to be intended only for prospective operation and hence not void, but only in abeyance until the conditions occur to which they can apply with effect. In the mean time they are not effective, even as an implied repeal of the old law. The old law stands and controls the right to compensation until the time arrives at which, by the constitution, the new law is permitted to supersede it, and the implied repeal then takes place. The same reasons exist and the same rule may well be applied where the increase is not apparent on the face of the two statutes, or from facts of which courts take judicial notice, and there is nothing which declares or implies that the legislature had determined that there was no increase and intended the change of method to apply to incumbents.

Angellotti, J., concurred.

Rehearing denied.