[Civ. No. 1072.   Second Appellate District.—February 27, 1912.]

C. M. APPLESTILL, Petitioner-Respondent, v. W. D. GARY, as Auditor of the County of Imperial, etc., Appellant.

COUNTY SHERIFF—ACT CLEARLY INCREASING COMPENSATION OF INCUMBENT—SALARIES OF DEPUTIES—CHANGE OF CLASS—VIOLATION OF CONSTITUTION.—If upon comparison of an act fixing the original compensation of the sheriff of a county of a specified class, and an act increasing his compensation during his term, by the addition of salaries of an under-sheriff and deputy sheriff, under an increased classification of such county, it clearly appears that the change in

18 Cal. App.—25

compensation effects an increase thereof, then to apply such increase to the incumbent would violate section 9 of article XI of the constitution, forbidding such increase "during his term of office."

Id.—Effect of Uncertainty as to Increase of Compensation—Clear Declaration of Legislature to Contrary—Conclusiveness.—If, in an act changing the compensation of a county officer during his term, the mode thereof is such that it cannot be determined by a comparison of such act with the former act under which he was elected whether such change does or does not result in an increase of the compensation, a clear declaration by the legislature in the later act that it does not increase the compensation would be conclusive of the fact so declared, and the later act would be applicable to the incumbent when it goes into effect, whether it takes effect after sixty days from its passage or immediately.

Id.—Mere Declaration That Changing Act Takes Effect Immediately—Construction.—A mere declaration in the act changing the compensation of the county sheriff during his term of office that "this act shall take effect immediately" cannot be construed as a legislative declaration to the effect that it did not constitute an increase, so as to make it applicable to the incumbent when it goes into effect, notwithstanding some uncertainty as to whether an increase of the compensation can be determined by a comparison of the two acts. In the absence of an express declaration, it is to be inferred that an increase was contemplated, and that it was intended to apply prospectively only.

Id.—Changing Act Inclusive of Other County Officers Whose Salaries Could not be Changed—Prospective Construction of Statute.—Where the act purporting to change the compensation of the sheriff also purports to change the compensation of other county officers whose salaries could not be changed during their terms without violating the constitution, the true construction of the act changing the compensation is to treat all of its provisions alike; and, knowing that such of them as increase salaries could have been intended to apply only to officers elected subsequently to the amendment, to conclude, in the absence of express and specific declaration to the contrary, that other amendments, which may or may not have the effect of increasing compensation, were likewise intended to operate only in favor of or against officers to be thereafter elected.

APPEAL from an order of the Superior Court of Imperial County issuing a peremptory writ of mandate to the county auditor thereof. George H. Hutton, Judge presiding.

The facts are stated in the opinion of the court.

Phil D. Swing, District Attorney, for Appellant.

Conkling & Brown, for Respondent.

SHAW, J.—Appeal from an order issuing a peremptory writ of mandate commanding defendant, as auditor of Imperial county, to issue to plaintiff his warrant upon the county treasurer for the sum of $70.16, claimed to be due petitioner as salary for the month of May, 1911, as deputy sheriff of said county, to which office he had been appointed on May 3, 1911, by Mobley Meadows, sheriff of Imperial county.

When Meadows was elected sheriff, on November 8, 1910, Imperial county was in the thirty-sixth-one-half class. (Pol. Code, sec. 4265a.) The compensation fixed by law for the sheriffs of such counties was the sum of $5,000 and all mileage now allowed by law. (Pol. Code, secs. 4265a, 4300b.) By act approved February 28, 1911, [Stats. 1911, p. 96], the several counties of the state were reclassified according to population for the purpose of regulating the compensation of officers. As so classified Imperial county was declared to be a county of the thirty-sixth class, and by an act of the legislature, approved May 1, 1911, the compensation of the sheriff in the counties of such class was fixed at $5,000 per annum, and all commissions, fees and mileage for the service of papers and process issued without his county; in addition to which, it was provided that he should have an under-sheriff at a salary of $1,500 per annum, and a court deputy at a salary of $900 per annum, both of whom should be appointed by the sheriff and the salaries of whom were made a charge upon the county treasury.

Respondent concedes that if upon a comparison of the two acts it appears that the change in compensation effects an increase thereof, then to apply it to an incumbent would be obnoxious to section 9, article XI, of the constitution. If no change other than the allowance of deputies had been made, such fact, under the decision in *Dougherty* v. *Austin,* 94 Cal. 601, [16 L. R. A. 161, 28 Pac. 834, 29 Pac. 1092], would constitute an increase in compensation. Whether the salaries of deputies and the amount of fees and commissions on business arising outside his county, allowed in lieu of mileage on county business, and of which he is deprived, effected an increase in compensation, cannot be determined by a comparison of the two acts. It is therefore insisted that, inasmuch

as it does not appear that the effect of the amendment was to increase the compensation, and since the legislature has by section 3 of the act declared it should take effect immediately, which as to the compensation of sheriffs of counties of the thirty-sixth class it could not do, except upon the hypothesis that the legislature had determined it did not cause an increase, a conclusive presumption arises that, by reason of such urgency clause alone, it did so determine, and thereby expressed an intent that the change should operate upon incumbents; that in the absence of the existence of such fact the declaration would not have been made. There is no doubt, we think, that where an act changes the compensation of a county officer, the mode being such that it cannot be determined by a comparison whether such act does or does not result in an increase thereof, a declaration therein by the legislature that it does not increase the incumbent's compensation would be conclusive of the fact so declared and the act would be applicable to incumbents when the law went into effect, whether at the expiration of sixty days from its passage or immediately by virtue of an urgency clause. Such appears to have been the opinion of the supreme court expressed by Angellotti, J., in *Crockett* v. *Mathews*, 157 Cal. 157, [106 Pac. 575], where the legislature in changing the compensation of officers declared that, ''except as to subdivisions 13 and 15, this act shall not take effect until the expiration of the present term of officers hereinabove enumerated.'' These subdivisions related to justices of the peace and constables, as to whom it was held the act changing their compensation took effect and became operative sixty days after its passage (there being no earlier date fixed). The only question, therefore, is whether the declaration that ''this act shall take effect immediately'' should be construed as a declaration to the effect that it did not constitute an increase and should immediately apply to the incumbents of offices whose compensation was so changed.

The facts of the case at bar are almost identical with those involved in that of *Smith* v. *Mathews*, 155 Cal. 752, [103 Pac. 199], and the opinion there rendered must be deemed decisive of the points raised in this case. The subject of the amendatory act (Stats. 1911, p. 1262) is the amendment of both section 4236, Political Code, relating to counties of the seventh

class, and section 4265, Political Code, relating to counties of the thirty-sixth class. That the result of the amendment is to increase the compensation of some of the county officers mentioned therein is clearly disclosed by comparison. As to such officers, section 9, article XI of the constitution presents an insurmountable barrier to the act taking immediate effect, in the sense of being operative as to such officers. Clearly, it was not the intent of the legislature to increase the compensation of such officials in violation of the constitution by merely declaring that the act should take effect immediately. Without such declaration, it would take effect in sixty days; hence, such provision, as said by Beatty, C. J., is a false quantity in the consideration of the question. "Since the clause putting the statute into immediate effect clearly does not mean all that it says, it falls short of its literal import. If it was not intended to put in immediate operation provisions raising salaries, upon what ground are we to hold that it was intended to have immediate operation in those instances where it changes the compensation attached to an office without disclosing whether the change effects an increase or reduction, and where, as far as the court can see, it is as likely to be an increase as a reduction? If in one case the old law continues to operate, why not in the other?" (*Smith* v. *Mathews*, 155 Cal. 752, [103 Pac. 199].) Like the case from which we have just quoted, the urgency clause may be accounted for by the fact that the act in question (Pol. Code, subd. 17, sec. 4236) gives the board of supervisors power to authorize incumbents to employ special clerical help at a compensation to be fixed by such board, when deemed necessary to bring the work of the office down to date in case of neglect in that regard by the incumbent's predecessor. This provision is entirely independent of the provisions changing the salaries of officers. In our opinion, the true construction of the act "is to treat all its provisions alike, and, knowing that such of them as increase salaries could have been intended to apply only to officers elected subsequent to the amendment, to conclude, in the absence of express and specific declaration to the contrary, that other amendments which may or may not have the effect of increasing compensation were likewise intended to operate only in favor of or against officers to be thereafter elected." The mere declaration that the act should

take effect immediately cannot, under the facts presented, if in any case, be construed as a declaration on the part of the legislature that no increase results from the change and that it shall apply immediately to the present incumbents. In the absence of such declaration, quoting from the concurring opinion in the Smith case, "it is to be inferred that an increase was contemplated and that it was intended to apply prospectively only."

The order granting the peremptory writ is reversed, with instructions to the court to make an order denying petitioner's application.

Allen, P. J., and James, J., concurred.