[Sac. No. 2510. In Bank.—July 22, 1916.]

## J. P. GALEENER, Respondent, v. A. S. HONEYCUTT, Auditor of the County of Madera, Appellant.

PUBLIC OFFICERS — SUPERVISORS OF MADERA COUNTY — ACT OF 1915 CHANGING COMPENSATION — INCREASE OF COMPENSATION.—The act of June 1, 1915, amending section 4271 of the Political Code, so as to make the compensation of each member of the board of supervisors of Madera County one thousand eight hundred dollars per annum for all services rendered by him as supervisor and road commissioner, instead of one thousand two hundred dollars plus twenty-five cents per mile for all distances actually traveled by him in the discharge of his duties as road commissioner, not exceeding in any one year six hundred dollars, at which rate it was fixed by the amendment of 1913 previously in force, did not have the effect, so far as concerned supervisors elected at the general election of 1914, of increasing their compensation after their election, in contravention of the prohibition of section 9 of article XI of the constitution.

ID.—CHANGING MODE OF COMPENSATION.—The legislature may change the mode of compensation of an officer after his election from fees, *per diem* or mileage, to salary, provided that in so doing it does not in fact increase his compensation.

ID. — PRESUMPTION IN FAVOR OF VALIDITY OF STATUTE. — There being nothing on the face of the amendment to show that each supervisor of Madera County is not required to actually travel at least two thousand four hundred miles each year in the proper discharge of his duties as road commissioner, and that such was the condition in both the years 1914 and 1915, the courts, if such a condition is possible, must assume in favor of the legislative enactment that it existed.

ID.—PRESUMPTION AS TO EXISTENCE OF FACT AUTHORIZING LAW.—When the right to enact a law depends upon the existence of a fact, the passage of the act implies, and the conclusive presumption is, that the Governor and the legislature have performed their duty, and ascertained the existence of the fact before enacting or approving the law—a decision which the courts have no right to question or review. This is true even in the absence of an express finding by the legislature of the existence of the fact in the act itself.

ID.—OPERATION OF STATUTE CHANGING COMPENSATION—INCREASING COMPENSATION OF SOME OF SUPERVISORS.—The fact that as to two of the five supervisors of Madera County who were elected in 1912 both the amendment of 1913 and that of 1915 were inoperative, because to apply them to such supervisors would increase their compensation beyond that fixed by the law in force at the time of their

election, cannot operate to suspend the application of either amend-
ment to the other supervisors elected subsequent to the amendment
of 1913.

ID.—REGULATION OF COMPENSATION IN PROPORTION TO DUTIES.—A statute
increasing the compensation of all the supervisors of a county may
become operatively effective as to part of them and remain ineffec-
tive as to others who were elected prior to its enactment, without
impairing the constitutional mandate requiring the legislature to
regulate the compensation of officers in proportion to their duties.

ID.—OFFICER BENEFICIALLY INTERESTED IN SALARY.—A public officer is
"beneficially interested" in obtaining the compensation incident to
his office in the amount and according to the mode fixed by the law,
and is entitled to a writ of mandate to enforce the payment.

APPEAL from a judgment of the Superior Court of
Madera County.  W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Stanley Murray, District Attorney, for Appellant.

F. A. Fee, for Respondent.

ANGELLOTTI, C. J.—The court below overruled a de-
murrer to plaintiff's amended petition for a writ of mandate,
and defendant, declining to answer, gave judgment for plain-
tiff.  This is an appeal from said judgment, taken to the dis-
trict court of appeal of the third appellate district, and trans-
ferred to this court for determination after decision by said
district court of appeal.

Practically only two questions are raised by appellant's
briefs.  The facts material thereto are substantially alleged
in the petition as follows: Plaintiff was elected to the office of
supervisor of Madera County at the general state election in
1914, and ever since the first Monday of January, 1915, has
been one of the five supervisors of that county.  At the time
of his election the statute fixing the compensation of super-
visor of Madera County (Pol. Code, sec. 4271), was as follows:
"Each member of the board of supervisors, one thousand two
hundred dollars per annum and twenty-five cents per mile
while traveling from their respective residence to the county
seat not more than once each month; and provided, further,
that said supervisors shall act as road commissioners in their
respective districts, which offices are hereby created and shall

receive for the service of such road commissioner mileage at the rate of twenty-five cents per mile for all distances actually traveled by them in the discharge of their duty as such road commissioner; and provided, further, that such mileage as road commissioner shall not in any one year exceed the sum of six hundred dollars for any one of said road commissioners." By act approved June 1, 1915 (Stats. 1915, p. 1040), this provision was amended to read as follows: "Each member of the board of supervisors, eighteen hundred dollars per annum, in full payment for services as member of the board of supervisors, as member of the board of equalization and as road commissioner, and twenty-five cents per mile while traveling from his residence to the county seat not more than once each month. It is hereby found as a fact that the changes provided for in this subdivision do not work an increase in compensation of this office, and it is intended that the same shall apply immediately to the present incumbents." So far as services as a member of the board of equalization are concerned, they have at all times been required. Plaintiff demanded of defendant that he draw his warrant on the county treasurer for his compensation for September, 1915, in accord with the provisions of this amendment, and defendant refusing to do so, this proceeding was instituted. It should be added that two of the five supervisors of Madera County were elected at the state election of the year 1912 for a term of four years, and that the fixed compensation of each member of the board of supervisors at that time was one thousand two hundred dollars per annum, and twenty-five cents per mile while traveling from his residence to the county seat, not more than once each month, there being no allowance for his services or mileage as road commissioner. (Stats. 1911, p. 230.)

Supervisors are county officers. By section 9 of article XI of the constitution, it is provided: "The compensation of any county . . . officer shall not be increased after his election or during his term of office. . . . " It is claimed that the application of the amendment of 1915 to plaintiff during the term that he is now serving would be to increase his compensation after his election and during his term of office, in violation of this constitutional provision.

So far as any supervisor of Madera County elected at the general state election of 1914 is concerned, the only change made by the amendment of 1915 in the law as

to his compensation as it existed at the time of his election, was to make the same one thousand eight hundred dollars per annum for all services rendered by him as supervisor and road commissioner, instead of one thousand two hundred dollars plus twenty-five cents per mile for all distances actually traveled by him in the discharge of his duty as road commissioner, not exceeding in any one year six hundred dollars. In the light of the presumption that obtains in favor of the validity of a legislative enactment, we must assume that the legislature was simply adopting a different mode from that previously obtaining of compensating such officer for his services as road commissioner. Theretofore, the compensation fixed for his "services" as road commissioner, which position every supervisor holds *ex officio* (Pol. Code, sec. 2641), was "mileage" at the rate of twenty-five cents per mile for each mile actually traveled in the discharge of his duty, not exceeding six hundred dollars per annum. By the change he was given six hundred dollars per annum for all such services. It is thoroughly settled that the legislature may change the mode of compensation of an officer after his election from fees or *per diem* to salary, provided that in so doing it does not in fact increase his compensation. (*Vail* v. *San Diego Co.*, 126 Cal. 35, [58 Pac. 392]; *McCauley* v. *Culbert*, 144 Cal. 276, [77 Pac. 923]; *Crockett* v. *Mathews*, 157 Cal. 153, [106 Pac. 575].) Of course, there is no distinction in principle in this connection between fees, *per diem*, and mileage. In doing this, however, the legislature may not increase the officer's compensation, for the constitutional provision prohibits any increase. If the legislative enactment shows on its face that the change does in fact increase the compensation of an incumbent, it is void as to him, and, of course, the legislature in such a case could not avoid the inhibition of the constitution by making a finding to the effect that no increase in compensation is accomplished by the change, when it is apparent from the law itself that there is an increase. But it is not apparent here that any increase in compensation was effected by the change. There is absolutely nothing on the face of the law to show that each supervisor of Madera County is not required to actually travel at least two thousand four hundred miles each year in the proper discharge of his duties as road commissioner, and that such was the condition in both the years 1914 and 1915. If such a condition

is possible, we must assume in favor of the legislative enactment that it existed, for, as was said by Chief Justice Beatty in *Smith* v. *Mathews,* 155 Cal. 752, 756, [103 Pac. 199, 201], the doctrine of *Stevenson* v. *Colgan,* 91 Cal. 649, [25 Am. St. Rep. 230, 14 L. R. A. 459, 27 Pac. 1089], never since questioned by this court, is that "when the right to enact a law depends upon the existence of a fact the passage of the act implies, and the conclusive presumption is, that the Governor and the legislature have performed their duty, and ascertained the existence of the fact before enacting or approving the law— a decision which the courts have no right to question or review." *Smith* v. *Mathews,* 155 Cal. 752, [103 Pac. 199], was a case involving a change in mode of compensation of justices and constables from *per diem* to salary, which finally was decided on the point that the change was not intended by the legislature to affect incumbents, a result that cannot be reached in the case at bar in view of the express language showing the contrary. But in the later case of *Crockett* v. *Mathews,* 157 Cal. 153, [106 Pac. 575], involving a similar change in mode of compensation of justices and constables, where the intent to make it applicable to incumbents was apparent, the court held that there was no prohibited increase of compensation. It was said in the opinion: "Nor is it disputed, the act before us not declaring whether or not the salary system of compensation substituted thereby for the fee system does produce an increase of compensation for justices and constables, that, if the act sufficiently shows the intent that the new system shall affect incumbents, the conclusive presumption is that the Governor and the legislature have investigated, ascertained, and determined that the change does not result in an increase of compensation, a fact essential to a valid law affecting incumbents, and that the courts have no right to question or review the determination of the legislative branch of the state in that regard. This is the doctrine established by *Stevenson* v. *Colgan,* 91 Cal. 649, [25 Am. St. Rep. 230, 14 L. R. A. 459, 27 Pac. 1089] ; see, also, *Smith* v. *Mathews,* 155 Cal. 752, [103 Pac. 199]." This would be true, even in the absence of an express finding by the legislature in the act itself, for no express finding is essential, and, indeed, we doubt if such express finding has any efficacy whatever, except in the way of making more emphatic the intent of the legislature that the change shall be applicable to in-

cumbents. In view of the authorities, it cannot be held by the court that to give to petitioner the compensation fixed by the amendment of 1915 would be to increase the compensation fixed by the law in force at the time of his election.

It may be conceded that as to the two supervisors elected in 1912, both the amendment of 1913 and that of 1915 were inoperative, because to apply them to such supervisors would increase their compensation beyond that fixed by the law in force at the time of their election. But this fact cannot operate to suspend the application of either amendment to the other supervisors elected subsequent to the amendment of 1913. The point appears to be that as the legislature is required to regulate the compensation of officers "in proportion to their duties," and that as the courts must assume that the duties of each of the supervisors of Madera County are the same, a statute increasing the compensation of supervisors cannot be operatively effective until the situation is such that *all* of the supervisors may be entitled to the same compensation. We are satisfied that this claim must be held to be unfounded. Of course the legislature in regulating the compensation of officers must regulate it "in proportion to duties" (Const., art. XI, sec. 5), and any attempted discrimination by the legislature between officers whose duties are the same in all respects would be a violation of this provision. For instance, if the legislature had here provided that the salary of the supervisors of three of the supervisor districts of Madera County should be one thousand eight hundred dollars per annum, and that of the supervisors of the other two districts should be one thousand two hundred dollars per annum, we would have a case in which appellant's contention would be pertinent. That is the kind of a case, in principle, that the court had before it in *Tucker* v. *Barnum*, 144 Cal. 266, [77 Pac. 919], relative to compensation of justices of the peace, relied on by him, but which is not at all in point here. The law construed in this proceeding fixes the same compensation for each and all of the supervisors of Madera County. That by reason of the constitutional provision prohibiting an increase of compensation to an officer after his election, the change made thereby cannot affect two of the supervisors, but must remain in abeyance during the term of their particular offices for which they were elected, simply because it cannot constitutionally operate as to them for such terms (see

*Harrison* v. *Colgan,* 148 Cal. 73, [82 Pac. 674]), in no way affects its validity as a law, does not prevent it from operating in so far as it can constitutionally operate, and does not preclude the other supervisors as to whom no increase is forbidden by the constitution from receiving thereunder. This is clearly intimated by language used in *Harrison* v. *Colgan,* 148 Cal. 73, [82 Pac. 674]. That an incumbent may not receive an increase of compensation in view of this constitutional provision is really a matter personal to him, which cannot fairly be said to affect the matter of compensation provided by law for the office. By the constitutional provision he is precluded from receiving the increase in compensation made for the office during the term for which he was elected. As to him, as has been said, the old law remains in full effect during such term. (*Smith* v. *Mathews,* 155 Cal. 752, [103 Pac. 199]; *Harrison* v. *Colgan,* 148 Cal. 73, [82 Pac. 674].)

There is no force whatever in the point made in the answer to the petition for a hearing in this court that petitioner is not a party "beneficially interested," and therefore not entitled to a writ of mandate, if it be true that no increase of compensation was effected by the change. Within the meaning of the term as used in our law, he is "beneficially interested" in obtaining the compensation incident to his office in the amount and according to the mode fixed by the law.

The judgment is affirmed.

Shaw, J., Melvin, J., Sloss, J., Lorigan, J., Henshaw, J., and Lawlor, J., concurred.