[Civ. No. 1636.   Third Appellate District.—July 19, 1917.]

JOE KEITH, Appellant, v. C. L. RAMSEY, as Auditor of
the County of Lassen, Respondent.

PUBLIC OFFICERS—INCREASE OF COMPENSATION—CONSTABLES.—The pro-
visions of section 9 of article XI of the Constitution, prohibiting
an increase in the compensation of county, city, town, or municipal
officers, are applicable to township constables.

ID.—AMENDMENT OF CODE PROVISIONS—INAPPLICABILITY TO INCUM-
BENTS.—The amendment of 1915 to section 4281 of the Political
Code increasing the compensation of certain county officers and
changing the compensation of constables from fees to salary, in view
of the absence of any declaration that it was intended thereby that
there should be any increase in the compensation of constables, will
be presumed to be intended to have a uniform operation, and not
intended to apply to any of the officers therein mentioned during
their current terms of office.

APPEAL from a judgment of the Superior Court of Lassen County. H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

Grover C. Julian, for Appellant.

J. A. Pardee, District Attorney, and J. E. Pardee, for Respondent.

CHIPMAN, P. J.—Plaintiff was on the eighteenth day of October, 1915, appointed constable of number 3 township, Lassen County, to serve an unexpired term of that office which commenced on the first Monday in January, 1915. At the commencement of the term, constables were compensated by the fee system as provided in section 4281 of the Political Code amended in 1913 (Stats. 1913, p. 1226). At the session of the legislature in 1915, said section was amended by fixing the salary of the constables in Lassen County at twenty-five dollars per month. Plaintiff made demand upon the county auditor for payment of salary as provided by the section as amended in 1915, but warrant was refused. Thereupon, plaintiff brought his action in *mandamus* against the said auditor in the superior court of Lassen County and judgment went in favor of defendant. Plaintiff thereupon appealed to this court and now contends: (1) That the office of constable is a township office and that the constitutional inhibition of article XI, section 9, does not apply thereto; and (2) that the change from fee to salary does not constitute an increase in compensation.

In support of the first point it is contended that said section 9 of article XI of the Constitution prohibits an increase in the compensation of county, city, town, or municipal officers, but does not apply to constables, for the reason that they are neither county, city, town, nor municipal officers. This question was raised in the case of *Cox* v. *Jerome*, 31 Cal. App. 97, [159 Pac. 884], and was decided adversely to appellant's contention. The court there said: "In cases in which the question as to the right to increase the compensation of justices or constables was involved, and there have been several, it has never been denied that the provisions of section 9 of article XI affect these officers, and the supreme court has so

assumed, without any suggestion that the subject was open for debate.'' As bearing somewhat upon the subject, *Smith* v. *Mathews,* 155 Cal. 752, [103 Pac. 199], and *Crockett* v. *Mathews,* 157 Cal. 153, [106 Pac. 575], may be consulted.

The position taken by appellant upon the second proposition is: ''Where an act substitutes a salary for the previous fee system, and fails to disclose whether an increase of compensation is thereby produced, and is to take effect during the incumbency of the officer, the conclusive presumption is that the governor and the legislature have investigated and determined that the change does not result in an increase of compensation and the courts have no right to review such determination,'' citing *Crockett* v. *Mathews, supra.* In that case is was expressly stated in the opinion that the doctrine of *Smith* v. *Mathews, supra,* is not opposed to the conclusion reached in *Crockett* v. *Mathews.* In *Smith* v. *Mathews* attention was called by appellant ''to the fact that in numerous sections of the new law (then under consideration), salaries of various officers in several classes of counties are plainly and unequivocally raised, and since it cannot be held that the legislature intended those parts of the act to be operative on the incumbents of current terms, there is no reason for holding it to be operative upon those officers whose compensation is altered without disclosing whether the result is an increase or reduction of compensation.'' The chief justice stated, in rendering the majority opinion, that this view was well sustained by the appellant. He said: ''If it was not intended to put in immediate operation provisions raising salaries, upon what ground are we to hold that it was intended to have immediate operation in those instances where it changes the compensation attached to an office without disclosing whether the change effects an increase or reduction, and where, as far as the court can see, it is as likely to be an increase as a reduction? If in one case the old law continues to operate, why not in the other?''

Section 4281 of the Political Code relates to salaries of various county and township officers and plainly shows that by it the compensation was increased as to several officers; for example, the section as amended in 1915 provides that the recorder shall receive a salary of one thousand nine hundred dollars per annum, while his salary theretofore was fixed at one thousand six hundred dollars per annum. (Stats. 1913,

p. 1225.) The salary of the auditor was increased from five hundred to eight hundred dollars. As in the section there is no finding or declaration by the legislature as to whether it was intended that there should be or should not be any increase in compensation of constable, and as it clearly appears on the face of the act that it was intended to increase the compensation of some of the officers named therein, it is a fair presumption that it was intended by the legislature that the act should be given uniform operation and was not intended to apply to any of the officers therein mentioned during their current terms of office.

In a concurring opinion by Mr. Justice Shaw in *Smith* v. *Mathews,* 155 Cal. 752, [103 Pac. 199], he said: "If it [the amendatory act] changes from fees to salaries, as it may if it finds that the salary allowed will not increase the compensation, it can declare that there is no increase and that it is to apply immediately to the present incumbents. Perhaps the fact of no increase would be inferred from the declaration that it should apply to present incumbents; but where neither statement appears, it is to be inferred that an increase was contemplated and that it was intended to apply prospectively only."

Where it appears from a comparison of the provisions of the statute as it stood before and after amendment that there was by express direction in the new law an increase in compensation intended, "it has been the settled doctrine of this court ever since the decision in *Dougherty* v. *Austin,* 94 Cal. 601," [16 L. R. A. 161, 28 Pac. 834, 29 Pac. 1092], said the chief justice in *Smith* v. *Mathews,* 155 Cal. 752, [103 Pac. 199], "that in such cases the incumbent cannot claim the increased compensation, but continues to receive that which was provided by the law in force at the date of his election, which as to him continues in force (unless expressly repealed) to the end of his term notwithstanding the fact that the amended law is also in force in most cases for more than eighteen months before the end of his term for the purpose of fixing the compensation of his successor in a new term." (See, also, *Harrison* v. *Colgan,* 148 Cal. 69, 73, [82 Pac. 674].) The same, we think, is also true where by fair implication, though not by express direction, an increase in compensation was intended.

The fact that plaintiff is seeking to obtain compensation by salary instead of by fees is a very strong circumstance tending to show that the compensation has been increased by the amendatory act, for it is not probable he would be invoking the power of the court to obtain a salary which was no greater than he was receiving under the fee system.

We think the judgment should be affirmed, and it is so ordered.

Burnett, J., and Hart, J., concurred.