[No. 14605.  In Bank. — November 16, 1891.]

JONATHAN D. STEVENSON, RESPONDENT, v. ED-
WARD P. COLGAN, STATE CONTROLLER, APPEL-
LANT.

CONSTITUTIONAL LAW — GIFT BY LEGISLATURE — ACT FOR RELIEF OF CLAIM-
ANT. — The act of March 31, 1891, appropriating money for the relief of
Jonathan D. Stevenson, in payment and satisfaction of his claims against
the state for services or otherwise, not showing upon its face the nature
of the claims made against the state, or that the appropriation thereby
made is a gift, is not in conflict with sections 31 and 32 of the constitu-
tion, providing that the legislature shall have no power to make any
gift of any public money to any individual, or grant any extra compen-
sation to any public officer, agent, servant, or contractor after his per-
formance of the service.
ID. — PAYMENT OF MONTHLY INSTALLMENTS TO CEASE AT DEATH. — The fact
that such act provides that the state shall discharge by monthly install-
ments the indebtedness which the act admits, and, in the event of the
beneficiary's death before it is fully paid, shall be released from the pay-
ment of any balance then due, does not affect the power of the legislature
to so provide, nor authorize the court to declare the act unconstitutional.
ID. — ASSAILING STATUTE — EVIDENCE ALIUNDE. — In passing upon the
constitutionality of a statute, the court must confine itself to the facts
appearing on the face of the law and the facts of which it can take
judicial notice, and if the law, as thus considered, does not appear to be
unconstitutional, the court will not go behind it and receive evidence
*aliunde* to establish facts which would tend to impeach and overthrow
the law.
ID. — POWER OF JUDICIARY — QUESTION OF LAW. — While the courts have
power to declare a statute invalid, when it appears to them in the course
of judicial action to be in conflict with the constitution, yet they can
only do so when the question arises as a pure question of law unmixed
with matters of fact.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*Barham & Bolton,* for Appellant.

*Attorney-General Hart, amicus curiæ,* also for Appellant.

*George A. Wentworth,* and *A. P. Van Duzer,* for Re-
spondent.

DE HAVEN, J. — This is an application for a writ of
*mandamus* to be directed to the defendant as state con-

troller, commanding him to draw a warrant on the state treasurer for the sum of $125, to which amount petitioner claims' he is entitled by virtue of the provisions of an act of the legislature approved March 31, 1891. The act is entitled "An act for the relief of Jonathan D. Stevenson, and to appropriate money therefor," and so far as necessary to be stated here, it is as follows: —

"Sec. 1. The sum of $125 per month, payable monthly, for the period of twenty-one months, is hereby appropriated out of any moneys in the state treasury not otherwise appropriated, for the relief of Colonel Jonathan D. Stevenson; *provided, however*, that said appropriation shall cease upon the death of said Stevenson, if he shall die before said period has elapsed; the sums paid under the provisions of this act to be accepted by the said Stevenson in full payment and satisfaction of all claims of every kind and nature that he may have, or claim to have, against said state for services or otherwise."

The answer of the defendant alleges that petitioner never at any time had or has "any claim of any kind or nature whatsoever against the state of California for services rendered, or for any other thing done, had, or performed by the said Jonathan Stevenson, or for anything of value furnished to the state of California," and that the appropriation made by the said act of the legislature was intended as a gift to the petitioner.

The answer then proceeds in an informal way to allege that prior to the admission of California as a state, the petitioner expended money and performed services "in surveying and preparing charts of the bay of Suisun and the Sacramento and San Joaquin rivers," and, in substance, avers that this service and expenditure of money constitute the foundation of petitioner's alleged claim against the state, and for which the appropriation contained in the act referred to was made.

A demurrer to the answer was sustained by the court below, and thereupon judgment was rendered in favor

of petitioner, as demanded in his petition. The defendant appeals.

Section 31 of article IV. of the constitution provides that the legislature shall have no power "to make any gift, or authorize the making of any gift, of any public money or thing of value to any individual," and section 32 of the same article also declares: "The legislature shall have no power to grant or authorize any county or municipal authority to grant any extra compensation or allowance to any public officer, agent, servant, or contractor, after service has been rendered or a contract has been entered into and performed in whole or in part."

By these provisions of the constitution, there is denied to the legislature the right to make direct appropriations to individuals from general considerations of charity or gratitude, or because of some supposed moral obligation resting upon the people of the state, and such as a just and generous man, although under no legal liability so to do, might be willing to recognize in his dealings with others. It was because of abuses which had crept into legislation by reason of the unlimited power theretofore exercised by the legislature in determining what individual claims should be recognized by private statute, and to relieve in some degree legislators from the importunities of persons interested in securing such appropriations, that the power of the legislature was thus limited by the present constitution of this state. In this view, there can be no doubt that if the facts are as alleged in the answer of defendant, the act under consideration ought never to have been passed. But these facts do not appear upon the face of the act itself, and the question is thus presented, whether it is competent for the court in this or any form of action to receive evidence *aliunde* to establish such facts, and thus to impeach and overthrow a law which, upon its face and independent of proof, is presumptively valid. This case as thus presented is to be distinguished from those in which it has been held that the court may look into the journals of the legislature for the purpose of determining

whether a statute was in fact passed by the requisite votes required by the constitution. In such cases the question is, whether the law was in fact enacted, and not whether the legislature, in passing the statute, properly discharged its duty by the preliminary ascertainment of facts which alone would justify such legislative action.

In our opinion, the question which we have stated as the one for decision here must be answered in the negative. While the courts have undoubted power to declare a statute invalid, when it appears to them in the course of judicial action to be in conflict with the constitution, yet they can only do so when the question arises as a pure question of law, unmixed with matters of fact the existence of which must be determined upon a trial, and as the result of, it may be, conflicting evidence. When the right to enact a law depends upon the existence of facts, it is the duty of the legislature, before passing the bill, and of the governer before approving it, to become satisfied in some appropriate way that the facts exist, and no authority is conferred upon the courts to hear evidence, and determine, as a question of fact, whether these co-ordinate departments of the state government have properly discharged such duty. The authority and duty to ascertain the facts which ought to control legislative action are, from the necessity of the case, devolved by the constitution upon those to whom it has given the power to legislate, and their decision that the facts exist is conclusive upon the courts, in the absence of an explicit provision in the constitution giving the judiciary the right to review such action. We therefore hold, that in passing upon the constitutionality of a statute, the court must confine itself to a consideration of those matters which appear upon the face of the law, and those facts of which it can take judicial notice. If the law, when thus considered, does not appear to be unconstitutional, the court will not go behind it, and, by a resort to evidence, undertake to ascertain whether the legislature, in its enactment, observed the restrictions which the constitution imposed upon it as a duty to do, and to

the performance of which its members were bound by their oaths of office.

"If evidence was required, it must be supposed that it was before the legislature when the act was passed, and if any special finding was required to warrant the passage of the particular act, it would seem that the passage of the act itself might be equivalent to such finding." (Cooley's Constitutional Limitations, 187.)

This view seems to be sustained by the decisions of the highest courts of other states, and is in harmony with the central idea of the constitution in prescribing the independence and equality of the three great departments of the state. The following are some of the cases which, in principle, sustain the conclusion we have reached: *Waterloo Woolen Mfg. Co.* v. *Shanahan*, 28 N. E. Rep. 358; *Rumsey* v. *People*, 19 N. Y. 41; *Hovey* v. *Foster*, 118 Ind. 502; *Lusher* v. *Scites*, 4 W. Va. 11; *De Camp* v. *Eveland*, 19 Barb. 81.

If experience shall demonstrate that further restriction upon legislative power over the subject of appropriations of public money is necessary, it is within the power of the people to so amend the constitution as to provide that, notwithstanding an appropriation made by the legislature for its payment, the legality of every claim against the state shall or may be the subject of judicial investigation as to the facts upon which it rests. But in the absence of a plain direction to that effect, the courts are not authorized to institute such an inquiry.

As already stated, the act in question does not show upon its face the nature of the claim which the petitioner made against the state, or that the appropriation thereby made is a gift. The statute is unusual in form, and it may be difficult to assign any good reason for the singular provision that the state shall discharge by monthly installments the indebtedness which the act admits, and, in the event of petitioner's death before it is fully paid, shall be released from the payment of any balance then due; but this does not affect the question of the power of the legislature to so provide, nor author-

ize the court to declare that the act was enacted in absolute disregard of the constitution.

Judgment affirmed.

GAROUTTE, J., McFARLAND, J., SHARPSTEIN, J., and PATERSON, J., concurred.