[S. F. No. 12183.  In Bank.—February 8, 1927.]

## PETER R. GADD, INCORPORATED (a Corporation), Petitioner, v. BOYLE WORKMAN et al., as City Councilmen, etc., Respondents.

[1] STREET LAW—JURISDICTION OF CITY COUNCIL—APPEALS—ASSESSMENTS — DETERMINATION OF VALIDITY AND CORRECTNESS — MANDAMUS.—A city council has not fulfilled the requirements of section 21 of the Improvement Act of 1911, and the amendments thereto, and exhausted its jurisdiction by disposing of appeals from the assessment, but it is required to give further consideration to the validity and correctness of the assessment; and where the minutes of the council show that action or confirmation of the assessment was continued to a date which has not arrived and such action has not been taken, *mandamus* will not lie to compel the council to confirm the assessment.

---

(1) 38 C. J., p. 773, n. 22; 28 Cyc., p. 1177, n. 37 New.

APPLICATION for a Writ of Mandate to compel the City Council of Los Angeles to confirm an assessment for street improvement.   Writ denied.

The facts are stated in the opinion of the court.

Anderson & Anderson, Joseph H. Call, Asa V. Call, Heller, Ehrman, White & McAuliffe and James L. Atteridge for Petitioner.

Jess E. Stephens, City Attorney, Lucius P. Green, Assistant City Attorney, and Herman Mohr, Deputy City Attorney, for Respondents.

Redwine & Redwine and Andrew Park, *Amici Curiae,* in Behalf of Respondents.

RICHARDS, J.—The petitioner herein has applied for a writ of mandate wherein it seeks to compel the respondents, the city council of the city of Los Angeles and the members thereof, to confirm a certain assessment made in the course of a certain street improvement proceeding within what is known as the Adams Street and Smiley Drive Improvement District, which improvement had been initiated and thus far carried forward under and in pursuance of the "Improvement Act of 1911" [Stats. 1911, p. 730], and its subsequent supplementary or amendatory enactments.   Said public improvement had been initiated through the adoption by the respondents of an ordinance of intention on the fifteenth day of May, 1925, and had proceeded thereunder up to the time when the assessment therefor had been filed with the city clerk and the notice to property owners required by said original and amendatory acts had been given by said official, fixing the twelfth day of July, 1926, as the time when property owners would be heard before said city council upon their appeals from said assessment and objections to the confirmation thereof.   The regularity of the proceedings thus far taken in the course of the progress of said improvement and in the levy of said assessment is not an issue in the proceeding before us, since the petitioner herein is here insisting that the re-

200 Cal.—25

spondents by their action in denying the appeals of the property owners at the hearing upon said last-named date have thereby confirmed said assessment, and hence of necessity the regularity of the proceedings upon which it was predicated. The respondents are not here making any contention as to the irregularity of the proceedings upon which said assessment was based, but only that the regularity and legality of said assessment has not yet been finally determined. [1] The sole question presented upon the hearing herein relates to the action of said city council taken upon the hearing before it upon said last-named date with respect to the objections and appeals of the property owners then presented and to the finality of its action in that regard. Section 21 of the Improvement Act of 1911, as amended in 1923 [Stats. 1923, p. 113], provides for the making and filing with the city clerk by the street superintendent or ·city engineer of his assessment made in the course of the ·improvement in question, and provides for giving notice of the filing of such assessment by said official to all interested parties in order that those who feel themselves aggrieved by the burden of said assessment or by any errors or informalities in the proceeding upon which the same has been based may appeal to the city council by briefly stating in writing the grounds of their said appeal. At the time fixed in said notice for the hearing or hearings upon such appeals said section provides that the city council shall proceed to hear and determine the same. Said section further provides that ''When no appeal is taken, or when the orders and determinations of the council upon appeal have been complied with, and the council is satisfied with the correctness of the assessment, thereupon the street superintendent shall attach thereto a warrant bearing date of said order of said city council.'' Pursuant to the provisions of said act said city council proceeded to hold the meeting provided for in said notice and to hear the appeals and objections of the property owners then or theretofore presented and filed. There were a large number of such appeals, wherein many and various reasons were presented by the respective property owners objecting to such assessment. The president of the city council instructed the clerk to proceed with the reading of these separate appeals, and as each appeal was read a hearing was had

thereon, and after each of such hearings a formal motion was made by one or another of the members of said city council that said appeal be denied, which motion was in each case adopted. The hearing upon these numerous and separate appeals occupied the morning session of the city council and also, after a brief recess, a considerable portion of the afternoon session of that body. The minutes of the meeting of the city council upon this occasion show that after each and all of said appeals had been separately heard, and after a formal motion had been made in each case denying the same, and "after a full and fair opportunity had been given to all persons desiring to be heard, the president stated that the matter was now before the council for its consideration." Thereupon, as the minutes show, the inspector of public works "was asked to address the council on the matter under consideration." The assistant city attorney also addressed the council and "a general discussion was thereupon entered into by all members of the council, and at the conclusion of the discussion Mr. Randall moved, seconded by Mr. Sparks, that action on the confirmation of assessment for the improvement of Adams between 13th avenue and Moynier lane, and portions of other streets, as contemplated by ordinance of intention No. 51862 N. S. be deferred until the meeting of the council to be held Tuesday, July 27, 1926, at the hour of 10:30 A. M., which motion was adopted by the following vote." The said meeting of the council then adjourned. At the meeting of the council held on July 27, 1926, as its minutes show, the further hearing and confirmation of assessment was continued until August 3, 1926, at which latter meeting counsel for the petitioner herein appeared and presented a written demand for the confirmation of the assessment, whereupon a motion was made and carried that further consideration upon the hearing and confirmation of said assessment be continued until August 10, 1926. The petition for a writ of mandate herein was filed in this court on August 2, 1926. It is the contention of the petitioner that the city council of Los Angeles by its action in formally moving and carrying a motion to deny each and every one of the appeals presented to and heard before it upon the twelfth day of July, 1926, has so far fulfilled the requirements of section 21 of the Improvement

Act and its amendments above referred to as to have completely exercised its jurisdiction in that regard, and that having done so its determination of said appeals was so far final as to require the transmission of said assessment by said official body to the board of public works of the city of Los Angeles, together with a certificate showing its aforesaid action taken in the premises in the way of the denial by it of each and all of said appeals; and that such action on its part, being administrative in character, may be compelled by the mandate of this court. We are unable to agree with this contention, both for the reason that by the terms of section 21 of said Improvement Act as amended in 1923 and as above quoted the city council as a prerequisite to its final determination as to the validity and correctness of the assessment must be satisfied therewith whether or not appeals have been taken, and hence of necessity must be entitled to hold the matter of the approval of such assessment under investigation and consideration until it shall have been so satisfied; and for the further reason that the undisputed record embraced in the official minutes of the city council discloses that at and in the course of its meeting upon the above date, and as an immediate part of its consideration of the very matter then before it, the council did determine, notwithstanding its action upon the appeals which were then presented and heard, to give such further consideration to the matter of the validity and correctness of said assessment as might lead to a later determination of its satisfaction with the same and to the propriety of transmitting to the board of public works said assessment with the official certificate of its approval thereof. The minutes of the city council, when read as a whole, clearly point to this and to no other conclusion. The cases cited by the petitioner as supporting its contention as to the finality of the action of the city council in the denial of the appeals presented before it do not support its present insistence as to the finality of the action of the council in denying said appeals, since in each of the cases cited it is made to appear that the action of the official body upon said appeals and upon the validity of the assessment in each case was completed at the time and meeting at which such action was taken, and that it was some later attempt to reassume a jurisdiction

which had been thus completely exercised which led to the proceedings and ruling in each of said cases. In the instant case, however, we are clearly of the opinion that the jurisdiction with which the city council was invested by the terms of section 21 of the Improvement Act above quoted had not been fully exercised when this proceeding was instituted and, so far as the record herein discloses, has not yet been so exercised.

It follows necessarily that the petition for a writ of mandate herein must be denied and it is so ordered.

Shenk, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.