[L. A. No. 11783. In Bank.—June 11, 1930.]

AUGUSTA LAMB DONOVAN, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

James Donovan and John D. McCarthy for Appellant.

Erwin P. Werner, City Attorney, and Frederick Von Schrader and Sam H. Erwin, Deputies City Attorney, for Respondents.

PRESTON, J.—We feel that the questions raised in this case are all thoroughly settled in opposition to the contentions of appellant and that but little discussion is required in disposing of this appeal.

Plaintiff, the owner of an interest in property situated at 1929 Ocean View Avenue, Los Angeles, sues defendant city and the other defendants as members of the city council and

board of public works thereof, respectively, for the purpose of enjoining the collection of a certain street assessment initiated, promulgated and levied under the Street Opening Act of 1903, supplemented by the Street Opening Bond Act of 1911 (Deering's Gen. Laws, Acts 8198 and 8199, p. 3309 et seq.), to improve Third Street in said city. The ordinance of intention was duly passed on September 1 and approved on September 4, 1925. Theretofore, and on August 27, 1925, the city had approved and adopted a map, numbered A–3244, showing the land to be taken and the assessment district to be formed for the improvement contemplated by the said ordinance of intention above referred to. The ordinance provided that $164,033 be paid toward the expense of said improvement out of the treasury of the City of Los Angeles.

Notice of the ordinance was duly published and notice of the public improvement was also posted and published. This passage of the ordinance and the publication of notice thereof has been held sufficient to confer jurisdiction upon the city authorities to proceed with the improvement contemplated. (*O. T. Johnson Corp.* v. *City of Los Angeles,* 198 Cal. 308 [245 Pac. 164].)

In this case it may be noted that the fact that a portion of the expense was to be defrayed from the city treasury did not foreclose the city from providing that the remaining cost of said improvement be assessed against the property of the local district benefited thereby as determined by it. (*Frank* v. *Maguire,* 201 Cal. 414, 422, 423 [257 Pac. 515].)

Notice of the hearing of protests against said improvement and against the extent of the assessment district was duly given as provided by section 3 of said act. Appellant, however, filed no protest in response to this notice. The council then fixed a time for the hearing of protests and gave notice thereof by publication of the time and place fixed for hearing as provided by section 4 of said act. Again appellant did not appear.

Thereafter and on December 31, 1925, the city council passed a final ordinance, ordering the performance of the work incident to this improvement, this ordinance having been preceded by a notice duly published as required by section 4 of said act. This final ordinance directed. the

city attorney to commence a condemnation action against all the owners and claimants of the property or any part thereof necessary to be taken to carry out said improvement. None of appellant's property was sought to be taken; hence she was not made a party to nor was she a proper defendant to the action. Nevertheless, publication as required by section 11 of said act was duly and regularly made and had appellant desired to intervene, the opportunity was thus afforded her of doing so. In fact, appellant at no time up to this point offered any opposition whatever to the proposed improvement. On the contrary, the record shows that she actually petitioned the council for the initiating of such proceeding.

Thereafter an interlocutory judgment was duly entered in said condemnation proceeding and later, and on June 20, 1928, the city council ordered the city engineer to make and deliver to the board of public works a diagram of the improvement and of the property within the assessment district described in the ordinance of intention. Thereafter and on June 25, 1928, the board of public works reported its assessment to the city council and the city council duly and regularly published notice of the filing of the assessment under section 18 of said act. In response to this notice appellant, for the first time appeared and filed a protest against the said assessment and against the confirmation thereof. The protest was continued from time to time. Finally, after appellant had appeared before the council twice with reference to her protest, her assessment was modified by being reduced from $7,500 to $6,750, and the assessment was then confirmed. Thereafter appellant failed to pay the assessment and after publication of notice of delinquency was made, she filed this action to restrain the city from collecting this assessment upon the ground that the proceedings were illegal and would not sustain a valid assessment.

The suit was filed December 31, 1928; the answer on February 25, 1929; trial was started on February 27, 1929, and ended March 14, 1929; judgment was entered on May 20, 1929; notice of appeal was filed July 6, 1929; the transcript lodged August 31, 1929, and reply brief filed March 21, 1930. We are thus expediting the disposition of the cause on account of its public nature.

As above pointed out, we have found nothing in the objection made by appellant warranting any extended discussion of the case. Her contention that the property was not in the assessment district is overcome by the finding of the court to the contrary. Her failure to protest the improvement or the district benefited forecloses inquiry on these questions. (*Frank* v. *Maguire, supra; Cohen* v. *City of Alameda,* 183 Cal. 519, 522 [191 Pac. 1110]; *United Real Estate & Trust Co.* v. *Barnes,* 159 Cal. 242 [113 Pac. 167]; *Duncan* v. *Ramish,* 142 Cal. 686, 691 [76 Pac. 661].) Her contention that she was not properly heard in her protest against the amount of the assessment on her property is overcome also by properly supported specific findings of the court to the contrary and nothing is pointed out on the face of the proceeding that invalidates the assessment. Her contention that the city was largely influenced in the beginning of this improvement by an organization known as the Major Traffic Association and particularly by the highway committee thereof in that this organization at its own expense employed engineers and prepared a general comprehensive plan covering the whole city for the improvement of different streets therein, the laying out of additional streets and the widening, grading and paving of certain other streets, is likewise without merit as there is nothing in the record to show that the city council acted through improper motives or that this organization did anything more than was highly commendable in promulgating a comprehensive plan for the improvement of traffic conditions in said city.

Moreover, the city, by popular vote approved the plan submitted by said traffic association. Nothing whatsoever appears to compel the conclusion that the city either abdicated its functions or exercised oppression upon the property owners in the area. The burden of a heavy assessment on a property owner is appreciated, but unless judicial questions are presented, the courts are powerless to grant relief.

The judgment is affirmed.

Curtis, J., Shenk, J., Seawell, J., Richards, J., and Waste, C. J., concurred.

Rehearing denied.