[L. A. No. 11800. In Bank.—August 30, 1930.]

J. F. JOHNSON et al., Appellants, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Hewitt, McCormick & Crump for Appellants.

Erwin P. Werner, City Attorney, Mark L. Herron, Assistant City Attorney, and Sam H. Erwin, Deputy City Attorney, for Respondents.

PRESTON, J.—This appeal involves the validity of a street assessment in proceedings taken under the Street Opening Act of 1903, supplemented by the Street Opening Bond Act of 1922 (Deering's General Laws 1923, Acts

8198 and 8199, p. 3309 et seq.), known as the "Third Street project," in the City of Los Angeles, California. The case is a companion case to *Allen* v. *City of Los Angeles* (L. A. No. 11866), *ante,* p. 235 [291 Pac. 393]. The facts are the same, with the exception that appellant Johnson neither protested the district, the improvement nor the assessment. The cases are presented on the same record and the same briefs. The questions involved in the Allen case are also involved here and on reconsideration we adhere to the views we have there announced.

Here, however, appellant Johnson urges an additional contention growing out of the following facts: Pursuant to section 18 of said act (Deering's General Laws 1923, Act 8198), the board of public works completed a proposed assessment upon the property of said district and lodged it with the clerk of the council on June 20, 1928. On June 25th thereafter, thirty days' notice was initiated by publication, inviting objections to said assessment and the last day for filing same expired on July 25, 1928. One hundred and forty-seven objections were filed and presented to the council on said last-mentioned date. The council heard these objections in groups with regular adjournments, some on July 27th, some on September 11th and the balance, save one, on November 9, 1928. As each group of objections was heard, a vote of the council was taken and in each case all objections were denied. On November 9th, while one objection remained for consideration, the street assessment committee of said council recommended a modification of said assessment by the increase of some fifty-nine assessments and the decrease of some thirty-four assessments. Thereafter, and on November 14, 1928, the last objection was sustained and following said order the council promulgated a resolution reciting the steps that had been taken, the protests that had been made the rulings thereon, and concluded its declaration with this statement: "Whereas, after full and careful consideration and deliberation upon all the matters aforesaid, this council is of the opinion that the said assessment prepared and filed by the board of public works should be modified and corrected and when so modified and corrected will, in the judgment of this council, fully meet all those portions of said objections and protests which contain merit: . . . " and thereupon confirmed the said assessment

as modified in the manner recommended by the city street committee. By reason of said re-adjustment, the assessment against the property of appellant Johnson was raised from $200 to $241.70. As above noted, he had filed no objection to the assessment as fixed by the board of public works. The number of assessments involved in the district was 3,769 and the amount to be raised by such assessment was $2,428,156.81.

Appellant attacks said "modified and corrected" assessment upon the ground that it was adopted without opportunity for him and other interested persons to be heard after the modification had been made; hence it is invalid. The attack really involves an interpretation of section 19 of the act, which reads as follows: "Sec. 19. All objections shall be in writing and shall be filed with said clerk within the time prescribed in the notice required by section 18 hereof. The clerk shall, at the next regular meeting of the city council after the expiration of the time for filing objections, lay said assessment and all objections so filed with him, before the council; and said council shall hear all such objections at said meeting, or at any other time to which the hearing thereof may be adjourned, and pass upon such assessment, and may confirm, modify, or correct said assessment, or may order a new assessment, upon which like proceedings shall be had, as in the case of an original assessment; or if there be no objections, the council shall, at any regular meeting after the expiration of the time for filing objections, confirm such assessment, and the action of the council upon such objections and assessment shall be final and conclusive in the premises."

Appellant's objection, though stated singly, involves two propositions: First, that it is without the power of the council under said section to increase the assessment against any property owner in said district above the amount fixed by the board of public works and especially is this true where no objection to an assessment has been filed; second, that by denying each objection urged, the jurisdiction of the council is *pro tanto* exhausted and, therefore, on November 9, 1928, when all protests save one had been denied, the board lost jurisdiction to modify said assessment and could at most but confirm or order a reassessment.

We feel that the construction of said section urged by appellant is entirely too narrow. It is the assessment as a whole that is committed by statute to the city council for confirmation or for modification and confirmation, with the added power, if deemed advisable, to order a reassessment. Its duty is to "pass on" the assessment. It is true that all objections are to be heard and considered but in its last analysis, the assessment as a whole is under *quasi*-judicial review. The amount to be raised is a fixed quantity; the number of pieces of property to be assessed to raise said sum is a fixed number. To lower one assessment by modification is to raise one or more others and *vice versa*. Each piece of property in the assessment district is so related to the others that any change in the one will have an opposite reaction upon some or all of the others. So it seems clear that when the roll is lodged with the clerk for presentation to the council and notice is duly given to the property owners to be affected thereby of the specified date of hearing thereon, the whole assessment-roll is in a state of flux and each property owner is charged with knowledge of the number of pieces of property to be assessed, the amount to be raised, the interdependence of the properties upon each other and the fact that power to modify necessarily carries with it power to increase as well as decrease any assessment made by the board of public works. The property owner who fails to appear must be held to have acquiesced in any action the city council might take upon consideration of said roll, either by increasing or decreasing the assessment as to him. In fact, we see no reason why, even in the absence of protest or objection, the council may not, after due notice, modify or raise any assessment and then confirm the same.

The interpretation we have here made of section 19 is in harmony with that given by this court to section 21 of the act of 1911 in the case of *Gadd* v. *Workman*, 200 Cal. 384, 388, 389 [253 Pac. 700, 702]. We are unable to distinguish the situation before us from that involved there and the holding in that cause is therefore held determinative of the question before us. Such cases as *Williams* v. *Bergin*, 108 Cal. 166 [41 Pac. 287], *Belser* v. *Hoffschneider*, 104 Cal. 455 [38 Pac. 312], and *Creed* v. *McCombs*, 146 Cal. 449 [80 Pac. 679], relied upon by appellant, are not applicable to

the situation before us. They were doubtless in the mind of the writer of the opinion in the case of *Gadd* v. *Workman, supra,* when he used the following language: "The cases cited by the petitioner as supporting its contention as to the finality of the action of the city council in the denial of the appeals presented before it do not support its present insistence as to the finality of the action of the council in denying said appeals, since in each of the cases cited it is made 'to appear that the action of the official body upon said appeals and upon the validity of the assessment in each case was completed at the time and meeting at which such action was taken, and that it was some later attempt to reassume a jurisdiction which had been thus completely exercised which led to the proceedings and ruling in each of said cases."

The council was careful in its attempt to hold jurisdiction of the whole proceeding until final action was taken and we think that it did so and that it had not exhausted its powers at the time the modification and confirmation here complained of was made. The hearing given appellant was in accord with the statute; the statute satisfies due process of law and appellant by reason of his failure to protest is in no position to make any other objections.

The judgment is affirmed.

Richards, J., Seawell, J., Waste, C. J., and Curtis, J., concurred.

SHENK, J., Dissenting.—I dissent. The theory of the main opinion is that the city council itself had the same power to remake the assessment under section 19 of the Street Opening Act of 1903 as it would have had under section 21 of the Improvement Act of 1911, if the proceeding had been taken under the latter act. No attention is paid to the fact that the proceedings under review were taken under the act of 1903 prior to the amendment of section 19 thereof in 1929. (Stats. 1929, p. 1590.) Prior to that amendment the assessment was not the creature of the city council, but of the board of public works. The council could not make a new assessment or, as was done here, increase or make over approximately eighteen per cent of the amount of the assessment without notice to the interested parties. The council

sat as a *quasi* court of appeal to pass upon the objections to the assessment, and if a reassessment was deemed necessary, it should have ordered the board of public works, as provided in section 19 of the act of 1903, then in force, to make "a new assessment, upon which like proceedings shall be had, as in the case of an original assessment." (See *Cake* v. *City of Los Angeles,* 164 Cal. 705 [130 Pac. 723].) It may be conceded that under the amendment of 1929 of said section 19 the city council would have had the power to act as it did in the present case, but under the statute in force when the proceedings were had the objecting property owners were entitled to notice of the reassessment. "The mode which the statute prescribes for the revision of the amount is the measure of the power, and, unless that mode is followed, any attempted revision will be nugatory." (*Williams* v. *Bergin,* 108 Cal. 166 [41 Pac. 287, 288].)

Rehearing denied.

Shenk, J., and Curtis, J., dissented.