[Civ. No. 9576. First Appellate District, Division Two.—April 2, 1935.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. RICHARD GANDOLFO et al., Appellants.

O'Gara & DeMartini for Appellants.

Tobias J. Bricca, C. H. White and Donahue, Hynes & Hamlin for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover a judgment for the balance due on a promissory note. The defendants answered and also filed a cross-complaint. The plaintiff answered the cross-complaint and after a trial before the court sitting without a jury the court made findings in favor of the plaintiff and from the judgment entered thereon the defendants have appealed.

The defendants contend that the judgment should be reversed because their demand for a jury trial was denied. They assert that their constitutional rights have been taken from them. (Const., art. I, sec. 7.) The point is based

on the following facts. After the action was at issue, on March 7, 1933, the plaintiff served on the defendants a memorandum to set the cause for trial. It was not returned to the attorneys for the plaintiff until September 11, 1933. On that date it was filed in court. No demand for a jury trial was served until September 16, 1933. September 19, 1933, the plaintiff served and filed a motion to strike out the demand for a jury trial. That motion was granted on September 22, 1933. When the memorandum was filed the cause was immediately put on the civil active list. On October 2, 1933, the cause was set down for trial on October 17, 1933. At no time did the defendants deposit or offer to deposit with the clerk one day's jury fees or mileage for the jurors. The defendants assert that the trial court attempted to follow rule I of the rules adopted by the Judicial Council for the superior court and that in doing so it committed reversible error because said rule is invalid. (*Mutual Building & Loan Association of Long Beach* v. *Corum,* 220 Cal. 282 [30 Pac. (2d) 509].) The plaintiff replies that the parties were bound to comply with the valid rules of the court and the valid statutes, and the mere fact that rule I is invalid does not excuse the defendants from their failure to comply with the statutes. The plaintiff cites and relies on section 631 of the Code of Civil Procedure, which is as follows: "Trial by jury may be waived by the several parties to an issue of fact in manner following: . . . 5. By failing to deposit with the clerk, ten days prior to the date set for trial, a sum equal to the amount of one (1) day's jury fees payable under the law." The defendants do not contend that the statute is invalid because it has been directly ruled to the contrary. (*Bennett* v. *Hillman,* 37 Cal. App. 586 [174 Pac. 362].) We understand the defendants to contend, however, that because the trial court made the order hereinabove mentioned on September 22, 1933, they were excused from thereafter complying with the code provisions. We think that position cannot be sustained and that their conduct constituted a waiver. (*Adams* v. *Crawford,* 116 Cal. 495 [48 Pac. 488]; *Naphtaly* v. *Rovegno,* 130 Cal. 639 [63 Pac. 66, 621]; *Peter R. Gadd, Inc.,* v. *Workman,* 200 Cal. 384 [253 Pac. 700]; *Gray* v. *Craig,* 127 Cal. App. 374 [15 Pac. (2d) 762, 16 Pac. (2d)

798].) In this connection the defendants assert: "The effect of a *final order* in an action before a court having jurisdiction to pronounce the order is conclusive upon the parties as to the right involved, no matter how erroneous the order may be." We think it is sufficient to state that the rule of law contended for has no application whatever to the order made by the trial court on September 22, 1933. (18 Cal. Jur. 659.) No other points were made by the defendants in their opening brief. Under well-settled rules new points stated for the first time in the closing brief need not be discussed.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1935.