[Civ. No. 23277. Second Dist., Div. Three. May 11, 1959.]

MASQUE THEATER CORPORATION (a Corporation), Appellant, v. CITY OF LOS ANGELES et al., Respondents.

Brock, Fleishman & Rykoff for Appellant.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Respondents.

SHINN, P. J.—Masque Theater Corporation brings this action against the city of Los Angeles and certain of its officers for an adjudication of its right to exhibit a motion picture which it has contracted to exhibit and which the defendants allegedly claim would be in violation of certain provisions of Ordinance 77000 of the city, namely, sections

41.02 and 41.13 of the Los Angeles Municipal Code. Section 41.02(a) provides: "No person, either as owner, manager, producer, director, actor, or agent, or who acts in any other capacity, shall give, direct, present, or participate in any obscene, indecent, immoral or impure drama, play, exhibition, show or entertainment, or any obscene, indecent, immoral, impure scene, tableau, incident, part or portion of any drama, play, exhibition, show or entertainment."

Section 41.13 (a) provides: "No person shall show, exhibit, display, rent, sell, loan or give to any person, any motion picture or the projection of any picture, which pictures illustrate or depict any obscene, immoral, indecent, lewd, or lascivious act or acts."

It is alleged that the defendants threaten to and unless restrained will cause the arrest and prosecution of the employes of plaintiff and will confiscate the film if it is exhibited by plaintiff. The prayer of the complaint is for injunctive relief and a declaratory judgment. It is alleged that the plaintiff had been operating a motion picture theater for seven years and has built up a valuable goodwill; that it has a contract to exhibit the picture and if prohibited from doing so it will suffer great financial loss. The complaint is in two causes of action, the first alleging facts pertinent to its demand for injunctive relief, the second for a declaration of rights.

Defendants filed a demurrer, both general and special and a motion to strike certain portions of the complaint. The motion to strike was granted, the demurrer was sustained upon special grounds and also upon the general ground without leave to amend. Judgment for defendants was entered and plaintiff appeals.

By its complaint plaintiff attacked the constitutionality of the ordinance upon the ground that it invaded the right of free speech. The trial court filed a comprehensive opinion sustaining the constitutionality of the ordinance. Upon the appeal it is sought to have this court decide the same question.

The complaint was manifestly insufficient. Both grounds of demurrer were well taken. It alleges that the motion picture was not obscene and that no part or portion of it depicted any obscene act or acts, but it is not alleged that the picture was not indecent, immoral or impure and that it did not depict any immoral, indecent, lewd or lascivious act or acts. After argument on the demurrer the matter was

submitted and in ruling upon it the court held that the single allegation that the picture was not obscene was insufficient to show that it was not immoral, indecent, lewd or lascivious; that these were terms understood in law and the use of them in the statute did not render it uncertain. Plaintiff insists that it could have amended the complaint so as to cure its defects but that it was given no opportunity to amend.

 It is elementary that a trial court may not sustain a demurrer without leave to amend and enter judgment adverse to the plaintiff unless it appears clearly that the complaint could not be amended to state a cause of action for relief. (*Oppenheimer* v. *Tamblyn,* 162 Cal.App.2d 293 [327 P.2d 574].)

It was alleged that the film could not conveniently be attached to the complaint but that the court was respectfully requested to consider the film as a part of the complaint and at its earliest convenience view the film, arrangements for which would be made possible by plaintiff at the convenience of the court. The court declined the invitation. It is not contended by appellant that the court should have viewed the picture before ruling upon the sufficiency of the complaint. If it has the merit that is claimed for it the complaint could have been amended by appropriate allegations.

 It is clearly our duty to reverse the judgment with instructions to permit plaintiff to amend its complaint. If it is so amended as to state a cause of action for relief the case will proceed to trial on the issue whether exhibiting the picture would be in violation of the ordinance. Only in the event that issue should be determined against the plaintiff would the court be required to decide the constitutional question.

We would be departing from sound precedent were we to pass upon that question prematurely. ''The impressive lesson of history confirms the wisdom of the repeated enunciation, the variously expressed admonition, of self-imposed inhibition against passing on the validity of an Act of Congress 'unless absolutely necessary to a decision of the case.' *Burton* v. *United States,* 196 U.S. 283, 295 [49 L.Ed. 482, 485, 25 S.Ct. 243]. . . . Refusal to anticipate constitutional questions is peculiarly appropriate in the circumstances of this case . . . only an adjudication on the merits can provide the concrete factual setting that sharpens the deliberative process especially demanded for constitutional decision.'' (*United States*

314

v. *International Union,* 352 U.S. 567, 577, 578 [77 S.Ct. 529, 1 L.Ed.2d 563].)

The courts of California have always recognized and respected this rule. ■ "While the courts have undoubted power to declare a statute invalid, when it appears to them in the course of judicial action to be in conflict with the constitution, yet they can only do so when the question arises as a pure question of law, unmixed with matters of fact the existence of which must be determined upon a trial, and as the result of it, it may be, conflicting evidence." (*Stevenson* v. *Colgan,* 91 Cal. 649, 652 [27 P. 1089, 25 Am.St.Rep. 230, 14 L.R.A. 459].) The rule is stated with citation of supporting authorities in *Palermo* v. *Stockton Theatres, Inc.,* 32 Cal.2d 53, 65 [195 P.2d 1].

The judgment is reversed; plaintiff should be permitted to amend its complaint.

Wood (Parker), J., and Vallée, J., concurred.