[Civ. No. 10038. Third Dist. Nov. 28, 1960.]

BEATRICE V. DITTUS, as Secretary of the State Board of Control, etc., Petitioner, v. ALAN CRANSTON, as State Controller, etc., Respondent.

Louis J. Heinzer and Ralph Alpert for Petitioner.

Stanley Mosk, Attorney General, Charles A. Barrett, Assistant Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—This is an original proceeding in mandamus commenced by the Secretary of the State Board of Control to compel the State Controller to draw a warrant in her favor in the amount of $12,550. The Budget Act of 1959 (Stats. 1959, chap. 1300) appropriated the sum of $240,599 to be paid from the general fund to petitioner herein. She presented her claim to respondent and it was honored except with respect to two items with only one of which we are here concerned. The refusal of respondent to honor the petitioner's claim with respect to this item was based upon contentions that its expenditure would constitute an unconstitutional use of public funds. ■■ The decisional rule which must govern us in considering these contentions is stated in *Dittus* v. *Cranston*, 53 Cal.2d 284, 286 [1 Cal.Rptr. 327, 347 P.2d 671], as follows:

"... Courts should exercise judicial restraint in passing

upon the acts of coordinate branches of government; the presumption is in favor of constitutionality, and the invalidity of the legislation must be clear before it can be declared unconstitutional. (*Lundberg* v. *County of Alameda,* 46 Cal.2d 644, 652 [298 P.2d 1].) The power to determine the facts upon which appropriations are based rests exclusively in the legislative and executive branches of the government, and the function of the courts is to determine the issues of law presented by the face of the legislation and relevant facts of which they can take judicial notice. (*Stevenson* v. *Colgan,* 91 Cal. 649, 652 [27 P. 1089, 25 Am.St.Rep. 230, 14 L.R.A. 459].)''

*Stevenson* v. *Colgan,* 91 Cal. 649 [27 P. 1089, 25 Am.St.Rep. 230, 14 L.R.A. 459], presents a striking parallel to the case before us. The legislation there in question was an act entitled ''An act for the relief of Jonathan D. Stevenson, and to appropriate money therefor.'' The body of the act appropriated a sum of money payable to Stevenson and when Stevenson was refused payment thereunder by the State Controller he brought mandate for an order directing the Controller to make payments in accordance with the act. The answer of the Controller alleged that Stevenson had never, at any time, had any claim against the State of California, and that the appropriation made was intended by the Legislature as a gift to him. It was further alleged that prior to the admission of California as a state, Stevenson had expended money and performed services in surveying and preparing charts of Suisun Bay and of the Sacramento and San Joaquin Rivers, and that these services and expenditures of money constituted the foundation of Stevenson's alleged claim against the state for which the appropriation had been made. A demurrer to the answer was sustained, judgment was rendered against the Controller and he appealed. After noting that none of the facts alleged in defense of the claim appeared upon the face of the legislation, the court stated that the question presented was whether it was competent for the court in any form of action to receive evidence *aliunde* to establish such facts and thus ''to impeach and overthrow a law which, upon its face and independent of proof,'' was presumptively valid. Said the court, at page 652:

''In our opinion, the question which we have stated as the one for decision here must be answered in the negative. While the courts have undoubted power to declare a statute invalid, when it appears to them in the course of judicial action to be

in conflict with the constitution, yet they can only do so when the question arises as a pure question of law, unmixed with matters of fact the existence of which must be determined upon a trial, and as the result of it, it may be, conflicting evidence. When the right to enact a law depends upon the existence of facts, it is the duty of the legislature, before passing the bill, and of the governor before approving it, to become satisfied in some appropriate way that the facts exist, and no authority is conferred upon the courts to hear evidence, and determine, as a question of fact, whether these co-ordinate departments of the state government have properly discharged such duty. The authority and duty to ascertain the facts which ought to control legislative action are, from the necessity of the case, devolved by the constitution upon those to whom it has given the power to legislate, and their decision that the facts exist is conclusive upon the courts, in the absence of an explicit provision in the constitution giving the judiciary the right to review such action. We therefore hold, that in passing upon the constitutionality of a statute, the court must confine itself to a consideration of those matters which appear upon the face of the law, and those facts of which it can take judicial notice. If the law, when thus considered, does not appear to be unconstitutional, the court will not go behind it, and, by a resort to evidence, undertake to ascertain whether the legislature, in its enactment, observed the restrictions which the constitution imposed upon it as a duty to do, and to the performance of which its members were bound by their oaths of office.

" . . . . . . . . . . . .

"If experience shall demonstrate that further restriction upon legislative power over the subject of appropriations of public money is necessary, it is within the power of the people to so amend the constitution as to provide that, notwithstanding an appropriation made by the legislature for its payment, the legality of every claim against the state shall or may be the subject of judicial investigation as to the facts upon which it rests. But in the absence of a plain direction to that effect, the courts are not authorized to institute such an inquiry."

 Respondent herein does not dispute the controlling effect of *Stevenson* v. *Colgan, supra.* Nor does he contend that there is any support for his claim of unconstitutionality appearing upon the face of the legislative act. The Budget Act of 1959 is entitled "An act making appropriations for the support of the Government of the State of California and for

several public purposes. . . ." In the act is found (at page 3512) an appropriation "For claim of the Secretary of the State Board of Control......$240,599." Of that sum, the act provided that $181,031 should be paid to the secretary from the general fund. But when the secretary, petitioner herein, presented her claim for said sum to the respondent controller, he refused to pay a part of said claim upon the ground, as above stated, that its expenditure would constitute an unconstitutional use of public funds in that it would constitute a gift to Mrs. Earl D. Desmond. Concededly, there is nothing on the face of the legislation which would support such a reason for denying a portion of petitioner's claim.

Respondent urges that notwithstanding the foregoing this court must take into consideration in determining the issues presented herein not only the face of the law, but also those facts of which it can take judicial notice. (*Stevenson* v. *Colgan, supra.*) Respondent argues that the court must take judicial notice of the following facts: Among claims against the state to be paid out of the appropriation to petitioner, and from the general fund, was the claim of Mrs. Earl D. Desmond in the sum of $15,580.65. Earl D. Desmond was a State Senator who had long served the state in that capacity. Senator Desmond was last elected for the term beginning January 2, 1958. He died May 26, 1958. Pursuant to a special election held November 4, 1958, the Honorable Albert S. Rodda was elected to fill the vacancy in the office resulting from the death of Senator Desmond. Senator Rodda took office on the 28th of November, 1958. The amount of the unpaid salary which would have been paid to Senator Desmond from the date of his death to the end of his term, had he survived, amounts to the total sum of $15,580.65, the exact amount of the claim hereinbefore referred to and listed as the claim of Mrs. Earl D. Desmond. (The unpaid portion of the salary of Senator Desmond computed from the date of his death to the date of the filling of the vacancy on November 28, 1958, amounts to $3,030.65 and that amount has been paid by petitioner to Mrs. Earl D. Desmond, leaving $12,550 unpaid.)

The return of respondent to the alternative writ contains the additional allegations that it is the practice of the Secretary of the Board of Control, petitioner herein, to make payment to the beneficiaries of the legislative omnibus claim appropriation by checks drawn by the petitioner on Board of Control trust accounts; that the secretary has paid each of the beneficiaries listed in the 1959 omnibus claim appropriation

schedule, which said schedule is attached to the return as an exhibit thereto, in the exact amounts as listed in the said schedule, with the exception of two items in said list, one of which is alleged to be the item designated in said schedule as the claim of Mrs. Earl D. Desmond.

From the foregoing respondent urges this court to find that the omnibus claim appropriation schedule includes an item of $15,580.65 presented against the state by the widow of Senator Desmond, based upon a claim that she is entitled to be paid the amount of salary which the Senator would have earned had he served throughout the term for which he was last elected; that it was the purpose of the Legislature to make a gift to Mrs. Desmond of the amount thereof (save as to the said sum of $3,030.65) and that this court should therefore declare that the payment of the balance to Mrs. Desmond would constitute a gift of public moneys to her and would be in violation of the Constitution prohibiting such gifts.

We think it is now apparent that the rule declared in *Stevenson* v. *Colgan, supra,* is decisive of this case. In *Stevenson* v. *Colgan,* as we have said, the answer alleged facts showing that the claim of Stevenson, being for expenditures made and services rendered before California became a state, could not constitute a valid claim against the state. ▮▮ Although the judgment was based upon a demurrer sustained as to the legal sufficiency of pleaded and judicially known facts to show that a gift was intended, all of which the demurrer admitted, the court declared that:

". . . When the right to enact a law depends upon the existence of facts, it is the duty of the legislature, before passing the bill, and of the governor before approving it, to become satisfied in some appropriate way that the facts exist, and no authority is conferred upon the court to hear evidence and determine, as a question of fact, whether these co-ordinate departments of the state government have properly discharged such duty."

Although, as said in *Stevenson* v. *Colgan, supra,* "it may be difficult to assign any good reason" for the expenditure of public funds involved "this does not affect the question of the power of the legislature to so provide, nor authorize the court to declare that the act was enacted in absolute disregard of the constitution." (*Stevenson* v. *Colgan, supra,* pp. 653-654.)

We conclude that the legislative act under attack is valid and offends against no constitutional provision and that the

law, therefore, casts upon respondent a specific duty to honor petitioner's claim.

Let the peremptory writ issue.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied December 23, 1960, and respondent's petition for a hearing by the Supreme Court was denied January 25, 1961.